Gracie V. MILLER, o/b/o Paula L. Oliver, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1196.

United States District Court, S. D. West Virginia, Bluefield Division.

Oct. 1, 1970.

James H. Coleman, Coleman & Lantz, Charleston, W. Va., for plaintiff.

W. Warren Upton, U. S. Atty., Charleston, W. Va., Leo J. Meisel, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. A decision by a hearing examiner on November 26, 1969, became the final decision of the Secretary on March 9, 1970, when the Appeals Council refused plaintiff's request for review. The final decision holds that plaintiff is not entitled to child's insurance benefits on behalf of her daughter after September 1968. This matter is now before the Court on the motion of the defendant, under Rule 56, for summary judgment.

The standard of review in actions of this nature is found in Section 205(g) of the Act, as amended, and is as follows:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

In short, the Courts are not to try the case *de novo*, and if the findings of the Secretary are supported by substantial evidence, the Courts are bound to accept them. Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). Nevertheless, it is said that this provision of the law does not contemplate that the Courts should surrender their "traditional functions," but that they will view the record as a whole, not for the purpose of making an independent finding, but to determine whether or not the administrative finding is supported by substantial evidence and to see that the administrative agency does not act arbitrarily or capriciously in denying just claims or allowing unworthy ones. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Underwood v. Ribicoff, supra; Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962); Miracle v. Celebrezze, 351 F.2d 361 (6th Cir. 1965). In determining the meaning of "substantial evidence," the Courts have held it to be more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, supra. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). The Fourth Circuit has pointed out that if there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings must be affirmed. Underwood v. Ribicoff, supra. Therefore, the immediate task of this Court on this review is to determine whether the defendant's denial of plaintiff's claim is supported by substantial evidence.

Paula L. Oliver was born November 23, 1950, and attended public schools through the eighth grade. She left school at the age of twelve, following the

death of her father, and later tried to return to school but dropped out alleging "headaches and nervousness." Since March 16, 1966, she has been taking a correspondence course from the American School, Chicago, Illinois, which, if successfully completed, would lead to a high school diploma. At the age of nineteen and after four years, she has completed 6½ hours of 18 required units.

On April 13, 1967, plaintiff filed an application for child's insurance benefits on behalf of her daughter and on June 8, 1967, she filed a supplemental application. The administration granted this application and awarded benefits beginning in February 1966. By letter dated November 19, 1968, plaintiff was advised that child's benefits would be terminated as of October 1968, the month of the child's eighteenth birthday. On reconsideration the decision to terminate was affirmed. Plaintiff requested a hearing which was held on October 24, 1969. In his decision dated November 26, 1969, the hearing examiner found that the child has not been, and is not now, a full-time student as defined by the Act and the regulations of the Secretary.

Plaintiff admits that her daughter is not attending a school which would qualify her for benefits under the Act, but she argues that her daughter's psychological handicaps were such that she was *unable* to attend public school and could only complete her education through a correspondence course.

In order to qualify for child's insurance benefits as a full-time student under Section 202(d) of the Act, 42 U.S. C.A. § 402(d),[1] the child must be over eighteen years of age and not yet twenty-two years of age, and must be a "full-time student" at an "educational institution" as defined by the Secretary in his regulations.

Section 202(d) (7) (A) of the Act defines "full-time student" as follows:

"(7) For the purposes of this subsection—

(A) A 'full-time student' is an individual who is in full-time attendance as a student at an educational institution, as determined by the Secretary (in accordance with regulations prescribed by him). * * *"

The Secretary defines "full-time attendance" as follows:

"*Full-time attendance.* Ordinarily, a student is in 'full-time attendance' at an educational institution if he is enrolled in a *non-correspondence*

---

1. "(d) (1) Every child (as defined in section 216(e) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

(A) has filed application for child's insurance benefits.

(B) at the time such application was filed was unmarried and (i) *either had not attained the age of 18 or was a full-time student and had not attained the age of 22*, or (ii) is under a disability (as defined in section 223(d)) which began before he attained the age of eighteen, and

(C) was dependent upon such individual—

(i) if such individual is living, at the time such application was filed,

(ii) if such individual has died, at the time of such death, or

(iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died)

until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,

shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits *and ending with the month preceding whichever of the following first occurs—*

(D) the month in which such child dies, marries, or is adopted (except for adoption by a stepparent, grandparent, aunt, uncle, brother, or sister subsequent to the death of such fully or currently insured individual),

(E) *the month in which such child attains the age of 18, but only if he* (i) is not under a disability (as so defined) at the time he attains such age, and (ii) *is not a full-time student during any part of such month.*" (Emphasis added)

*course* (emphasis added) and is carrying a subject load which is considered full-time for day students under the institution's standards and practices. * * *" 20 C.F.R. § 404.320(c) (2).

It is obvious from the foregoing statements that plaintiff's child does not qualify as a full-time student under the Act, indeed plaintiff admits that she does not qualify. Nevertheless, plaintiff argues that her child's handicaps prevent her from qualifying as a full-time student under the Act and should be taken into consideration. In support of this argument she submitted several psychological reports to the hearing examiner.

On March 26, 1969, Robert Swinger, clinical psychologist, stated that Paula Oliver had a full-scale I.Q. of 90, and was capable of "learning a skill of average difficulty and taking over responsibility for her own life as she acquires more knowledge and experience."

In 1969, Margaret Smith, Community Mental Health Consultant, made the following observations concerning Paula Oliver:

1. She has lived a "restricted life" and has suffered from "nervous anxiety."

2. She is highly motivated toward self-improvement.

3. She suffers from feelings of frustration and inferiority.

4. Although she is an excellent candidate for vocational rehabilitation, she has refused such help up to this time.

5. She is against her mother's attempt to prove a mental disability under the Social Security Act.

█ The hearing examiner determined that the question of disability was not properly before him and could not be considered inasmuch as plaintiff had never filed for disability benefits. We agree with that determination. The provision of the Act providing for the extension of benefits to age 22 for full-time students (Section 202(d) (1) (B) (i)) contains no disability provision. If plaintiff asserts a disability she must file an application in accordance with the requirements of Section 202(d) (1) (ii) and 223(d).

█ It is apparent that the purpose of the full-time student provision of Section 202(d) of the Act is to help defray the expenses of those students attending educational institutions on a full-time basis. The exclusion of correspondence courses by the Secretary is reasonable in light of this purpose inasmuch as the total cost of the correspondence course in this case was only $8.00 per month. In addition, Paula has only completed *one-third* of the requirements of the correspondence course (high school course) in the past *four years*, which suggests it would take her *twelve years* to complete a normal four-year high school course. This is hardly compatible with the concept of full-time attendance.

Thus, considering all the evidence, as well as the testimony of plaintiff and her daughter, we cannot say in good conscience that the Secretary's findings are not supported by substantial evidence of record. Defendant's motion for summary judgment, therefore, must be granted.