In the Matter of LILLIAN ANDERSON, Individually and as Parent and Natural Guardian of JAMES BROWN, JR., an Infant, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, December 11, 1980

APPEARANCES OF COUNSEL

*E. Marta Sachey* for petitioner.

*Robert Abrams, Attorney-General (Lew A. Millenbach, Alan W. Rubenstein* and *Shirley Adelson Siegel* of counsel), for Barbara Blum, respondent.

*Philip R. Murray* and *Robert Lyman (Alan P. Joseph* of counsel), for John Fahey, respondent.

GREENBLOTT, J.

Petitioner, who resided with her mother, applied for Aid to Dependent Children (ADC) on behalf of her infant son. She was a full-time high school student, earned $23.85 per week from a part-time job and received $40 per month from Old Age and Survivors Disability Insurance (OASDI). Petitioner's mother was self-supporting; neither she nor the petitioner was in receipt of public assistance.

Respondent Fahey, Commissioner of the Albany County Department of Social Services, denied petitioner's application on the basis of financial ineligibility and found petitioner to have a monthly budget surplus of $5.65. Petitioner argues, *inter alia*, that all, or a portion of, her earned income should not be considered as income available to her child. She also asserts that respondent Fahey erred by including as available income the $40 received monthly by petitioner under the OASDI program, and that he improperly failed to deduct her work-related expenses from her available income. After a fair hearing, respondent Blum, Commissioner of the State Department of Social Services, affirmed the local agency's denial of petitioner's application.

Shortly thereafter, petitioner reapplied for ADC on behalf of her child. Her application was denied, again on the basis of a budget surplus, and a second fair hearing was held. On July 30, 1979, respondent Blum declined to review the determination of the local agency.

Respondents improperly included petitioner's OASDI benefits in computing the income available to her child. The issue of whether OASDI benefits may be included in calculating the income available to an ADC recipient has been determined by Federal and State courts. In *Elam v Hanson* (384 F Supp 549), a State welfare department considered OASDI payments as "available income" in computing the amount of family income to determine the need for welfare assistance. The District Court for the Northern District of Ohio noted that the legislative history of the Federal statute authorizing OASDI benefits (US Code, tit 42, § 402, subd [d]) discloses that the purpose of such payments is to defray the education expenses of recipients

so that they can remain full-time students *(Elam v Hanson, supra*, p 552; see, also *Miller v Richardson*, 320 F Supp 313, 316). Observing that the Social Security Act is a statute which is to be "broadly construed and liberally applied", the Federal District Court concluded that OASDI payments: "should be excluded from the income and resources of the family for the purposes of determining eligibility and level of support under AFDC provisions * * * and regulations promulgated thereunder" *(Elam v Hanson, supra*, p 553).

This court was faced with a similar situation in *Matter of Bosch v Fahey* (74 AD2d 102). The court unanimously annulled a determination by the State Commissioner of Social Services which included as available income a $20 per month OASDI payment to one of petitioner's sons in computing the amount of public assistance to petitioner and her children. The court based its decision on the holding in *Elam* and on an HEW communication to the various States declaring that the OASDI benefits of a full-time student were to be disregarded in determining ADC need *(Matter of Bosch v Fahey, supra*, p 104). This court has also stated, in a situation involving the proration of ADC benefits based on the presence of a Social Security recipient in the household, that the Social Security Act "prohibits *any* consideration of the income and resources of the SSI recipient in determining the amount of the ADC grant" *(Matter of Reeves v Fahey*, 65 AD2d 633, 634, mot for lv to app den 47 NY2d 706; emphasis added). Accordingly, it was improper for the respondents to include the OASDI benefits received by the petitioner in calculating the income available to her child in determining the child's standard of need.

Furthermore, the failure of respondents to consider the work-related expenses of petitioner in determining ADC aid to her child was also error. Although the precise question of whether transportation and child care expenses may be discounted in computing the needs of an ADC recipient has not arisen in New York, the unambiguous wording of section 131-i of the Social Services Law and 18 NYCRR 3552.19 indicate that such expenses should be discounted. Petitioner's testimony that she spent $8

per week on work-related transportation expenses is uncontroverted. Indeed, respondent Fahey conditionally acknowledges such expenditure in his answer. It is clear, then, that these expenses should have been taken into consideration in computing the income available to petitioner's infant. Respondents' failure to include these expenditures in their computations constitutes error.

Finally, the failure of respondents to apply the earned income exclusion to petitioner's earnings was error. The first $30 earned by an eligible person and one-third of the remainder is not considered as available income for purposes of computing the public assistance grant (US Code, tit 42, § 602, subd [a], par [8], cl [A], subcl [ii]; Social Services Law, § 349-a, subd 1, par [b]; 18 NYCRR 352.20 [a] [2]). Respondents included the entire amount of petitioner's earned income as available income in computing the grant for her child.

The question of whether the earned income disregard applies to a person who is not currently receiving ADC benefits has been recently considered in the Second Department. In *Matter of Cirrana v D'Elia* (96 Misc 2d 994), Special Term held that petitioner, whose children were ADC recipients but who was not receiving such assistance herself, was entitled to the earned income exclusion. The Second Department affirmed on the opinion of Special Term (70 AD2d 591). We agree with that decision. Petitioner, in the instant case, clearly qualifies for the earned income exclusion and respondents' contrary determinations were erroneous.

The determinations of respondent Blum should be annulled, and the petition granted, without costs; the matter should be remitted to the Albany County Department of Social Services for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, MIKOLL and CASEY, JJ., concur.

Determinations of respondent Blum annulled, and petition granted, without costs; matter remitted to the Albany County Department of Social Services for further proceedings not inconsistent herewith.