Shelly OWENS, on behalf of herself
and all other persons similarly
situated, Appellees,

v.

Margaret M. HECKLER, in her official
capacity as Secretary of Health and
Human Services, Appellant.

No. 84–1104.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 8, 1984.

Decided Jan. 30, 1985.

Frances Reddis (argued), Kansas City, Mo., Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellant.

Diane Brazen (argued), Univ. of Iowa School of Law and Susan B. Keith, Waterloo, Iowa, for appellees.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

LAY, Chief Judge.

The Secretary of the Department of Health and Human Services (HHS) appeals

from the district court's [1] judgment ruling that the Secretary's policy of reducing a family's Aid to Families with Dependent Children (AFDC) grant, 42 U.S.C. §§ 601 *et seq.* (1982), by the amount of Old Age, Survivors, and Disability Insurance (OAS-DI) extended student benefits,[2] 42 U.S.C. §§ 401 *et seq.* (1982), received by Shelly Owens (the caretaker relative and student), without regard to whether the student benefits were actually needed for educational expenses, violates federal law and regulations. The district court's decision does not require the Secretary to exclude *all* OASDI extended student benefits from available income for purposes of calculating AFDC benefits. Rather, the district court found the Secretary's policy violative of federal law only to the extent that it reduces an AFDC grant by the amount of OASDI student benefits actually needed for educational expenses.[3] We affirm.

The facts are not in dispute. Shelly Owens was an eighteen-year-old secondary student and a recipient of OASDI extended student benefits under 42 U.S.C. § 402(d) (1982) at the commencement of this action. Owens also received AFDC benefits on behalf of her minor child. Until October 1, 1982, Owens received $242 per month in OASDI extended student benefits in addition to $292 per month in AFDC benefits for the support and care of her daughter. On or about September 20, 1982, however, Owens received a written notice from the Iowa Department of Social Services stating that her AFDC grant would be reduced to $50 per month because OASDI extended student benefits were no longer exempt as income or resources under the AFDC program. Owens became ineligible for OASDI extended student benefits in February 1983, because she turned nineteen on November 19, 1982. *See* 42 U.S.C. § 402(d)(7)(D).

The reduction in Owens' AFDC grant resulted from a change in the Secretary's stated policy regarding whether OASDI extended student benefits are disregarded as income for purposes of calculating AFDC payments. Prior to enactment of the OBRA amendments, the then Department of Health, Education, and Welfare instructed state agencies administering AFDC programs to exclude all OASDI extended student benefits from "income" as that term is defined by the AFDC regulations. *See* Action Transmittal No. SSA–AT–77–44 (APA) (April 21, 1977) (Joint Stipulation, Exhibit E). After the OBRA amendments were enacted, however, HHS changed its policy and announced that OASDI student benefits were to be treated as available income under the AFDC program. *See* Action Transmittal No. SSA–AT–81–35 (November 5, 1981) (Joint Stipulation, Exhibit F); Action Transmittal No. SSA–AT–81–37 (November 16, 1981) (Joint Stipulation, Exhibit G).

On October 26, 1982, Owens filed an action in federal district court seeking declaratory and injunctive relief on behalf of herself and all applicants and recipients of benefits under the AFDC program in the state of Iowa, who are caretaker relatives and who also are beneficiaries of OASDI extended student benefits under the Social Security Act. The district court denied Owens' request for a preliminary injunction on April 7, 1983. In an order filed September 28, 1983, the district court concluded that a class action should be certified and made the certification retroactive to Febru-

---

1. The Honorable William C. Stuart, United States Chief District Judge for the Southern District of Iowa.

2. OASDI student benefits are paid to the children of an insured worker when the worker retires, becomes disabled, or dies. Generally, such child beneficiaries continue to receive benefits until they marry or reach age eighteen. In 1965, legislation was enacted to continue or "extend" a child's benefits after age eighteen and until the student reached age twenty-two as long

as the student established that he or she was attending high school, college, graduate school, or vocational school on a full-time basis. As discussed herein, these extended benefits were reduced by the Omnibus Budget Reconciliation Act (OBRA) of 1981, Pub.L. No. 97–35, 95 Stat. 357.

3. The appellee cross-appealed; however, the cross-appeal was dismissed on July 17, 1984.

ary 23, 1983, under the relation-back doctrine of *Sosna v. Iowa,* 419 U.S. 393, 401–02, 95 S.Ct. 553, 558–59, 42 L.Ed.2d 532 (1975). The class action could therefore proceed even though Owens' individual claim had become moot.

On November 17, 1983, the district court entered its judgment on the merits in this action. The district court concluded that the Secretary's practice and policy of reducing or terminating AFDC payments based on receipt by the caretaker relative of OASDI extended student benefits, without excluding the amount of those benefits needed for the caretaker relative's actual and reasonable educational expenses [4] from consideration as income available to the AFDC grant group, was in conflict with federal statutes and regulations. The district court stated that the Secretary's policy frustrates the purposes of the AFDC program of promoting the attainment of the capability for maximum self-support, and of the OASDI extended student benefits program of ensuring that students aged 18–22 would not be forced to quit school for financial reasons. In the language of the AFDC regulations, the district court concluded that OASDI extended student benefits which are needed for educational expenses are not "actually available" to the caretaker relative within the meaning of 45 C.F.R. § 233.20(a)(3)(ii)(D) (1983), and thus, are not available for the support and maintenance of the child for purposes of subsection (a)(3)(vi) of 45 C.F.R. § 233.20.

Before considering the Secretary's arguments, it is necessary to review the relevant statutory and regulatory provisions.

The AFDC program, 42 U.S.C. § 601 *et seq.,* provides categorical federal grants to states for aid and services for needy families with children. To be eligible for federal funding, a state must submit to the Secretary a plan that defines eligibility criteria for recipients. If the plan meets the requirements contained in 42 U.S.C. § 602(a) (1982) and its implementing regulations, the Secretary must approve the plan. Because eligibility for benefits is based on financial need, 42 U.S.C. § 602(a)(7)(A) provides that a state must consider the "income and resources of [the] child or relative." [5] 45 C.F.R. § 233.20 (a)(1)(i) further requires that the state plan: "Provide that the determination of need and amount of assistance for all applicants and recipients will be made on an objective and equitable basis and all types of income will be taken into consideration in the same way except where otherwise specifically authorized by Federal statute * * *." 45 C.F.R. § 233.20(a)(3)(ii)(D) defines available income in the following manner:

> Net income, except as provided in paragraph (a)(3)(xiii) of this section, and resources available for current use shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.

In addition, federal regulations provide that in family groups living together, in-

---

**4.** At the preliminary injunction hearing Owens testified that her actual educational expenses amounted to $3.00 approximately every six weeks. Owens stated that, prior to the termination of her OASDI extended student benefits, she used those benefits for basic family living expenses. The district court's opinion states, however, that educational expenses under Iowa law may include amounts necessary for books, materials, fees, transportation, child care, possibly special clothing needs, and, in some cases, tuition.

**5.** 42 U.S.C. § 602(a)(7)(A) states:

> A State plan for aid and services to needy families with children must * * * (7) except as may be otherwise provided in paragraph (8) or (31) and section 615 of this title, provide that the State agency—(A) shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid * * *.

come of a parent is considered or deemed available for minor children.[6]

▮ Against this statutory and regulatory background, the Secretary argues that the OASDI extended student benefits received by Owens are income available to the caretaker relative and thus, are income available to the minor child pursuant to 45 C.F.R. § 233.20(a)(3)(vi). Pursuant to this "deeming" provision, the Secretary contends that OASDI benefits need not actually be spent on the dependent child to be considered available income under the AFDC regulations. The district court found, however, that the Secretary's interpretation frustrated the purpose of the OASDI extended student benefits program, which is also a part of the Social Security Act. From a construction of the statute itself [7] and the expressed intent of Congress in the legislative history,[8] it is plain that OASDI benefits under § 402(d)(1)(B)(i) were intended to be used for education by

the recipient. The district court so found. OASDI benefits to eligible children normally terminate when the recipient attains the age of eighteen. However, the benefits for a child under OASDI, as originally enacted, continued between the ages of eighteen and twenty-two if the child was a full-time student. (Hence, "OASDI *extended student* benefits.") If the child over eighteen ceased to be a full-time student, the OASDI benefits under § 402(d) terminated. The 1981 OBRA amendments [9] did not alter Congress' intended purpose with respect to full-time elementary or high school students between the ages of eighteen and nineteen years and three months. As the district court mentioned, Congress retained extended student benefits for those students most likely because it recognized the crucial importance of a high school diploma and wished to ensure that those students would not be forced to quit high school for financial reasons.[10]

**6.** 45 C.F.R. § 233.20(a)(3)(vi) provides in part:
In family groups living together, income of the spouse is considered available for his spouse and income of a parent is considered available for children under 21, except that, under the AFDC plan, if a spouse or parent is receiving SSI benefits under title XVI, then, for the period for which such benefits are received, his income and resources shall not be counted as income and resources available to the AFDC unit.

**7.** 42 U.S.C. § 402(d)(1)(B)(i) authorizes the receipt of OASDI benefits by eligible children:
(1) Every child * * * of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—
   *   *   *   *   *   *
(B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19 * * *.

**8.** The Report of the Senate Committee on Finance on Social Security Amendments of 1965, *reprinted in* U.S. Code Cong. & Admin. News 1943, 2036–37 (1965), states in part:
A child who cannot look to a father for support (because the father has died, is disabled, or is retired) is at a disadvantage in completing his education as compared with the child who can look to his father for support. Not only may the child be prevented from going

to college by loss of parental support and loss of his benefits; he may even be prevented from finishing high school or going to a vocational school. With many employers requiring more than a high school education as a condition for employment, education beyond the high school level has become almost a necessity in preparing for work.
The committee believes it is now appropriate and desirable to provide social security benefits for children between the ages of 18 and 22 who are full-time students and who have suffered a loss of parental support.

**9.** Section 2210 of OBRA amended section 402(d) of the Social Security Act by eliminating social security benefits (with an exception for children who were full-time students in a postsecondary school in August 1981) to students attending postsecondary school and to students over age nineteen attending elementary or secondary school. *See* 42 U.S.C. § 402(d)(7)(D).

**10.** We reject the Secretary's suggestion that the OBRA amendments transformed the OASDI program from a program designed to assist recipients in meeting educational expenses to a program similar to any other dependent benefit program provided under the Social Security Act. Thus, we view the Secretary's decision to treat OASDI extended student benefits like other social security payments provided for the support and maintenance of dependents as contrary to the express purpose of OASDI benefits under § 402(d)(1)(B).

■ Recognizing the distinct purposes of the two programs (the OASDI program: to aid a recipient in obtaining an education; and the AFDC program: to assist in the care of dependent children in their own homes or the home of a relative), the court must attempt to enforce both applicable statutes without compromising the overriding purpose of either statute. A reconciliation of the two statutes is appropriate even if the wording in the laws and regulations allows a contrary interpretation. *See Markham v. Cabell,* 326 U.S. 404, 411, 66 S.Ct. 193, 196, 90 L.Ed. 165 (1945). Broadly interpreting the statutes at issue to achieve their intended purposes, *Elam v. Hanson,* 384 F.Supp. 549, 553 (N.D.Ohio 1974), the district court properly concluded that the amount of OASDI extended student benefits that are actually needed for educational expenses should be · excluded from the income and resources of the family for the purposes of determining eligibility and level of supports under AFDC provisions of 42 U.S.C. § 602(a) and regulations promulgated thereunder. We concur in the district court's conclusion and in its reasoning—that "OASDI student benefits which are needed for educational expenses are *not* 'available' to the parent/student within the meaning of § 233.20(a)(3)(ii)(D)."

The Secretary argues that the district court's interpretation is contrary to the clear language of 42 U.S.C. § 602(a)(7) which requires all income, except that specifically excluded by statute, to be considered by the AFDC need determination process. Since no federal statute specifically excludes OASDI extended student benefits or a portion thereof, and since Congress has specifically excluded other types of income on several occasions,[11] the Secretary contends that Congress could not have intended that any portion of OASDI extended student benefits received by a caretaker/student be excluded in computing available income under the AFDC provisions. Owens explains the specific exclusion for lump-sum retroactive payments contained in the OBRA amendments by stating that the lump-sum awards were not based on a student's current circumstances nor were they necessarily used for immediate educational purposes because they were retroactive. Thus, to shelter them from being deemed "available income" for purposes of AFDC calculations, a specific exemption was necessary. We do not think it necessary to provide an intricate rationalization for the existence of a specific congressional exclusion for certain types of income and the absence of an exclusion for student benefits. We simply note that other cases have held various benefits for which Congress had not provided a specific exclusion, not to be deemed "available income" for purposes of determining eligibility and level of AFDC payments. *See, e.g., Snider v. Creasy,* 728 F.2d 369 (6th Cir. 1984); *Cunningham v. Toan,* 728 F.2d 1101 (8th Cir.1984);[12] *Riddick v. D'Elia,*

11. The Secretary points to 42 U.S.C. § 602(a)(8) and (31), which provide for the disregard of earned income to cover costs of work expenses and for the disregard of stepparent income to cover the needs of family members not included in the AFDC grant. Congress also has directed state agencies to disregard as income for purposes of eligibility for AFDC benefits and other public assistance the one-time lump-sum retroactive payments that were to be received by those initially eligible for extended student benefits in 1965, *see* § 406 of the Social Security Amendments of 1965, Pub.L. No. 89–97, 79 Stat. 286 (1965). Exclusions enacted by federal regulation include 45 C.F.R. § 233.20(a)(4)(ii)(d) (educational grants and loans), and 45 C.F.R. § 233.20(a)(3)(iv)(B) (loans, grants, and scholarships that are restricted in use).

12. In both *Cunningham* and *Snider* the court's holding that OASDI payments made to a repre-

sentative payee could not be deemed income to the AFDC applicant was a narrow one. In both cases the court explicitly limited its holding "to those cases where OASDI benefits are paid through a representative payee," and noted that deeming is appropriate where OASDI benefits are paid directly to an AFDC applicant or recipient. *See Snider,* 728 F.2d at 373 (citing *Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981), which upheld deeming of a spouse's income as available to a medicaid applicant); *see also Cunningham,* 728 F.2d at 1104. We feel the *Schweiker* decision and the dicta in *Snider* and *Cunningham* are not controlling because they did not address the type of income at issue here: OASDI extended student benefits that are actually needed for educational expenses.

626 F.2d 1084 (2d Cir.1980) (OASDI benefits paid to mother's representative payee); *Turchin v. Butz,* 405 F.Supp. 1263 (D.Minn.1976) (Minnesota non-WIN training allowance); *Elam v. Hanson,* 384 F.Supp. 549 (N.D.Ohio 1974) (OASDI extended student benefits paid to full-time students between ages of 18 and 22); *but see Sturgell v. Creasy,* 640 F.2d 843 (6th Cir.1981) (veteran's nonservice-connected VA disability pension); *Bosh v. Fahey,* 53 N.Y.2d 896, 423 N.E.2d 49, 440 N.Y.S.2d 626 (1981) (OASDI extended student benefits paid to full-time students between ages of 18 and 22).

The Secretary also points out that OASDI benefits received by a parent under age eighteen are and always have been treated as income for purposes of determining AFDC need. *See* Brief of Defendant-Appellant and Cross-Appellee at 17–18. The Secretary then argues that Congress could not have intended social security benefits received by individuals over the age of eighteen to be treated differently than such benefits received by individuals under the age of eighteen. This argument has immediate appeal and, in fact, was a primary basis upon which the New York Court of Appeals reached the opposite result in *Bosh v. Fahey,* 53 N.Y.2d 896, 423 N.E.2d 49, 440 N.Y.S.2d 626 (1981). We do not attempt to justify the apparent discrepancy in treatment to which our interpretation gives rise; we simply point out that (1) the extended student benefits were not included in the original enactment of social security benefits in 1939 (53 Stat. 1362, 1364–65), but were added by Congress in 1965 (Pub.L. No. 89–97, § 306, 79 Stat. 370); (2) under the statutory scheme, children under the age of eighteen receive benefits regardless of whether the child is a student, whereas full-time student status is required for recipients over the age of eighteen;[13] and (3) Congress' intent in enacting the OASDI benefit program in 1939 was consistent with that underlying the AFDC program, that is to provide children dependent on a wage-earner parent with protection against the hardship caused by the loss of a parent's support. The congressional purpose underlying the OASDI extended educational benefits program enacted in 1965, however, was to address a special need to allow students to complete school. We are concerned here only with OASDI *extended student* benefits received by students between the ages of eighteen and nineteen years and three months. Thus, we only consider Congress' purpose in enacting those educational benefits and the effect of the Secretary's practice and policy on the OASDI extended student program. In making this disparity in treatment argument, the Secretary ignores the different purposes for which each type of social security benefit was enacted.

Although it is true that the use of OASDI extended student benefits is not restricted to educational expenses, to the extent that the benefits are used to pay educational expenses, the benefits are not actually available as income nor does the recipient have the legal ability to make the benefits available for support and maintenance. *See* 45 C.F.R. § 233.20(a)(3)(ii)(D). First, receipt of the benefits are contingent upon the recipient maintaining full-time student status, and, as Owens states, "[b]ecause necessary educational expenses must be met or the education will cease, the student/parent is precluded from using that portion of the OASDI benefits for current living costs." Second, under the district court's approach of excluding only the amount of OASDI student benefits that are needed for educational expenses, the benefits are not available for support and maintenance because, by hypothesis, they are being used for educational expenses. The Secretary's interpretation which presumes or deems the student benefits available even though they are used for educational purposes ignores reality and suggests that student benefit recipients cannot use those benefits without penalty for the

---

**13.** We recognize, however, that state compulsory education laws require individuals sixteen years old or younger to attend school.

purpose for which they were given. The Secretary's interpretation "however faithful it may be to the letter of the law, totally defeats the spirit of the law, and serves only a sterile administrative purpose." *Elam v. Hanson*, 384 F.Supp. at 553 (citing *Brown v. Bates*, 363 F.Supp. 897, 902–03 (N.D.Ohio 1973), which held that work study monies should be excluded from calculation of available income under AFDC). We reiterate the concluding remarks of the *Elam* opinion:

> In this case, the Court does not believe that Congress could have intended by one project to aid OASDI recipients who desire education by providing benefits while they pursue a full-time course of study and then by another program to reduce the amount of benefits paid on behalf of dependent children of that OASDI recipient. It amounts to the federal government holding out a promise of aid for education with one hand and at the same time with the other hand having the state government, spurred by federal regulations, destroying that promise of aid. The Court finds that Congress has provided two assistance programs aimed at two distinct needs. Assistance for the one need, maintaining the family unit where one parent is unmarried, should not be reduced because a separate need of that parent for education is also present at the same time.

384 F.Supp. at 553.

We agree with the district court that a return to the policy embodied in Action Transmittal No. SSA–AT–77–44 is not mandated by federal law and probably would result in duplication of benefits for living expenses in many cases. Because the number of AFDC recipients affected by our decision—those elementary or high school students between the ages of eighteen and nineteen years and three months who receive OASDI extended student benefits as well as AFDC benefits on behalf of a dependent child—must, in all probability, be relatively small; we repeat the district court's suggestion that the Secretary may apply its previous policy to further an interest in administrative efficiency.

Accordingly, we affirm the judgment of the district court and enjoin the defendants from denying, reducing, or eliminating AFDC benefits on account of OASDI extended student benefits received by an AFDC caretaker relative unless they exclude at least the amount of such OASDI benefits needed for the caretaker relative's actual and reasonable educational expenses from consideration as income available to the AFDC grant group.

Judgment affirmed.