Mildred **DAUBERT** and Ethel Royster, Individually and on behalf of all other persons similarly situated, Plaintiffs-Appellees,

v.

Donald E. **PERCY**, Individually and as Secretary of the Department of Health and Social Services, Defendant-Appellant.

No. 82–2787.

United States Court of Appeals, Seventh Circuit.

Argued April 7, 1983.

Decided Aug. 4, 1983.

Rehearing and Rehearing En Banc Denied Sept. 20, 1983.

---

**4.** The parties raised no issue relating to the scope of the arbitration clause, and, therefore, we do not consider the issue.

Robert W. Larsen, Wis. Dept. of Justice, Madison, Wis., for defendant-appellant.

Margaret J. Vergeront, Legal Action of Wisconsin, Inc., Madison, Wis., for plaintiffs-appellees.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and WEIGEL, Senior District Judge.*

CUMMINGS, Chief Judge.

In 1973, as part of a consent decree a federal district court in Wisconsin issued a permanent injunction against the Secretary of the Wisconsin Department of Health and Social Services ordering him and his successors in office to make certain welfare payments. Seven years later, a successor, a defendant in this suit, moved under Rule 60(b)(5) of the Federal Rules of Civil Procedure for relief from that judgment. In October 1980 the district court granted the motion and improperly amended the 1973 injunction so that the Secretary, on behalf of the state, could refuse to make some of the payments required by the 1973 judgment. Plaintiffs appealed from that decision and while the appeal was pending, the Wisconsin legislature amended the statute that underlay the original 1973 judgment, making that judgment unsound. In an unpublished opinion, 663 F.2d 1075 (7th Cir. 1981) this Court reversed, but because of the intervening change in the statute did not reinstate the 1973 injunction. Instead,

we remanded the case "for a determination by the district court of the appropriate relief to be accorded to the plaintiffs" for the period between the date the district court's judgment amending the 1973 injunction was entered and the effective date of the change in the Wisconsin statute—a period of about 5 months. On remand, in September 1982 the district court ordered the Secretary on behalf of the state to pay the benefits that the state would have been required to pay during those 5 months had the 1973 injunction not been amended. The Secretary has appealed from that final order on the single ground that it violates the Eleventh Amendment. The district court had rejected that argument, stating "Although that [1973] original order was improperly modified by this court [in 1980], it does not follow that the revival of the original order offends the eleventh amendment." For the reasons that follow, we affirm.

The Eleventh Amendment was not intended to insulate a state from the risk that a judgment affording its officials relief from a seven-year-old injunction might be reversed on appeal. The showing required for such relief is difficult to make —"Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions" will do, *United States v. Swift*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999, and the possibility that a court of appeals might reverse a district court and find that such showing had not been made is not so slight that it is unfair to require that states make allowance for it— *i.e.*, by setting aside pending appeal a reserve of funds in an escrow account. Citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, and *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358, defendants argue, however, that the district court's present order is unconstitutional because it is retroactive in that the benefits the state must pay accrued before the district court ordered them paid. But not

---

* The Honorable Stanley A. Weigel, Senior District Judge of the Northern District of California, is sitting by designation.

every award of retroactive monetary relief payable from a state treasury violates the Eleventh Amendment. Had the Secretary chosen to defy the 1973 injunction instead of moving for relief from it, the district court could have held him in contempt and ordered him to pay from the state treasury benefits that had already accrued. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522; see also *Vecchione v. Wohlgemuth,* 558 F.2d 150 (3d Cir.1977), certiorari denied, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304; *Rodriguez v. Swank,* 496 F.2d 1110 (7th Cir.1974), certiorari denied, 419 U.S. 885, 95 S.Ct. 151, 42 L.Ed.2d 125. True, civil contempt fines are both remedial and punitive, and since the Secretary had been in compliance with the amended injunction when he refused to make the payments at issue on this appeal, the only reason for ordering him to make those payments now is to compensate those injured by the amendment. But it is the effect a judgment has upon a state, not its purpose, that determines whether it violates the Eleventh Amendment. It is the disruptive effect a retroactive money award has upon a state's budget that distinguishes it from an injunction requiring an equal amount of prospective monetary relief. *Hutto v. Finney,* 437 U.S. 678, 692 n. 18, 98 S.Ct. 2565, 2574 n. 18, 57 L.Ed.2d 522; *Edelman v. Jordan,* 415 U.S. 651, 666 n. 11, 94 S.Ct. 1347, 1357. State budget planners can take account of the latter, but not the former. Ordering a state to pay benefits that it had been required to pay for seven prior consecutive years is no more disruptive of its budget process than is asking it to pay a civil contempt fine, especially when, as here, the benefits are limited to those that accrued during a 5-month period.

The funds which defendants oppose paying are not compensation for loss prior to the entry of the 1973 injunction. They are funds which were required to be paid by that prospective injunction but were withheld because the injunction was erroneously modified in October 1980. Absent the erroneous modification and consistently with the Eleventh Amendment, defendants would have provided the benefits until the April 1, 1981, Wisconsin legislative change. The 1973 injunction was admittedly permissible under the Eleventh Amendment. That Amendment does not bar the September 1982 order at issue because it was only effectuating the prior injunction during the brief period before the Wisconsin legislature acted.

Judgment affirmed.