Lavina WHITE HORSE, Suella High Elk, Yvonne Garreaux, and Susan Chiu, on behalf of themselves, their children and all others similarly situated, Plaintiffs,

v.

Margaret HECKLER, as Secretary of the Department of Health and Human Services; and James W. Ellenbecker, as Secretary of the South Dakota Department of Social Services, Defendants.

Civ. No. 85–3006.

United States District Court, D. South Dakota, C.D.

March 29, 1985.

Supplemental Memorandum Opinion Oct. 25, 1985.

David W. Curtis, Yvette Hall War Bonnett, Billie Jones, Albert C. Jones, Dakota Plains Legal Services, Mission, S.D., for plaintiffs.

Janice Godtland, Asst. Atty. Gen., Dept. of Social Services, Pierre, S.D., for defendant James W. Ellenbecker, Secretary, South Dakota Dept. of Social Services.

Robert A. Mandel, Asst. U.S. Atty., Pierre, S.D., Ronald S. Luedemann, Regional Atty., Thomas A. Nelson, Jr., Deputy Regional Atty., Dept. of Health & Human Services, Denver, Colo., for defendant Margaret Heckler.

## CASE SUMMARY

DONALD J. PORTER, Chief Judge.

Named plaintiffs are residents of the State of South Dakota who receive Aid to Families with Dependent Children (AFDC). 42 U.S.C. §§ 601 *et. seq.* They bring this action as representative members of a class comprised of all South Dakota households that have had their AFDC grants terminated, decreased, or have been denied AFDC benefits as a result of state and federal regulations promulgated under Section 2640 of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, 1145 (to be codified as amendments to 42 U.S.C. §§ 602(a) and 657(b) ). Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343(3) and (4).

Section 2640 requires that an AFDC assistance unit now be comprised of *all* co-resident, minor full and half-siblings and that calculations of the unit's AFDC eligibility and level of assistance include any income already available to such sibling. Formerly, a family could choose to exclude certain children from the assistance unit and thereby exclude consideration of their income in the eligibility and grant amount determinations. Defendants have interpreted Section 2640 as mandating inclusion of the assistance unit's new members' Old Age, Survivors, and Disability Insurance (OASDI), 42 U.S.C. §§ 401 *et seq.*, and child support income in the AFDC calculations, and have promulgated regulations to that effect. Plaintiffs challenge these regulations on the grounds that they are inconsistent with the Social Security Act and state domestic relations law as well as being constitutionally infirm. Plaintiffs seek declaratory and injunctive relief.

On February 22, 1985, this Court conditionally granted plaintiffs' motion for certification as a class action and entered a temporary restraining order enjoining defendant Department of Social Services from implementing Section 2640 so as to reduce or terminate AFDC benefits during the month of March, 1985. The necessity of expeditious handling of this action prompted the Court to set a March 18, 1985 trial date and to order that simultaneous trial briefs be submitted five days prior to trial. Plaintiffs and both defendants submitted briefs and all parties were represented at trial. The Department of Health and Human Services (HHS), however, relying on the literal language of Federal Rule of Civil Procedure 12(a), has not yet answered the complaint and would not agree to the stipulation of facts agreed to by the plaintiffs and the Department of Social Services.[1] Although this Court originally intended to decide whether or not both preliminary and permanent injunctive relief should be granted, federal defendant's failure to file a responsive pleading compels the Court to confine its decision to plaintiffs' motion for a preliminary injunction.

## FACTUAL SUMMARY

As previously related, plaintiffs and defendant Department of Social Services executed a stipulation of facts on the date of

---

**1.** Although counsel for the federal defendant informed the Court at trial that HSS reserved its right to have sixty days to answer in accordance with Rule 12(a), counsel offered no explanation for the federal defendant's strict adherence to the rule in the face of the exigent circumstances surrounding this case. Transcript of Trial at 7–8.

trial. Although not signed by a representative of federal defendant, counsel for the HHS admitted there was very little factual dispute in this case. Transcript of Trial at 9. Further, counsel for the federal defendant had no objection to the Court's considering the stipulation as the undisputed facts for purposes of plaintiffs' preliminary injunction motion. Transcript of Trial at 15. This being the case, the Court recites the following factual summary.

Plaintiff Lavina White Horse is the mother of seven children and the grandmother of one child, all of whom reside with her. Four of plaintiffs' children are the offspring of a now deceased individual who was "insured" as defined by the Social Security Act, 42 U.S.C. § 414(a), at the time of his death. As the deceased insured's "survivors", plaintiff's four children collectively receive a monthly OASDI check for $456. Plaintiff, as representative payee for the benefit of her four children, receives the monthly check, and, according to the stipulated facts, completely exhausts the OASDI money in the support of these four children.

Plaintiff is also the mother of three other children. For herself and these three children, plaintiff receives a monthly, AFDC check in the amount of $371. Prior to October 1, 1984, (the date Section 2640 of the Deficit Reduction Act of 1984 went into effect), plaintiff's four children receiving OASDI benefits were not included in any AFDC assistance unit. Because these four children were not AFDC recipients, their Social Security income was not included in determining the needs of plaintiff and her other three children.

As a result of the federal and state regulations at issue here which implement the HHS interpretation of Section 2640, plaintiff's AFDC assistance level was cut to $83 per month. The reason for this decrease being the inclusion of the OASDI recipients' $456 per month income in determining the need of the entire household. Similarly, named plaintiffs High Elk and Garreaux are the mothers of children some of whom are receiving OASDI income, some of whom are not. All the children, according to the Deficit Reduction Act, must now be included in the plaintiffs' respective AFDC assistance units. Under the new regulations implementing the Act, and as occurred in the case of Lavina White Horse, inclusion of OASDI-recipient children in their AFDC assistance units has caused significant decreases in the amount of plaintiffs High Elk and Garreaux's AFDC assistance.

The circumstances leading to plaintiff Susan Chiu becoming a named plaintiff in this action, however, are somewhat different than the other three named plaintiffs. Plaintiff Chiu is the mother of two minor children who reside with her. One child, pursuant to a Pennsylvania state court order, is the beneficiary of $205 of child support paid monthly to plaintiff. Plaintiff and her other child previously constituted an AFDC assistance unit entitled to $286 per month. However, this AFDC grant was terminated when plaintiff, in violation of the regulations at issue in this case, refused to include her child support-recipient child in the assistance unit.

## DISCUSSION

AFDC is a joint federal and state benefit program established by the Social Security Act, and designed to provide financial assistance to needy children and the parents and caretaker relatives who live with them. Categorical federal grants are available to a state provided the state submits and has approved by the Secretary of HHS a plan which defines AFDC eligibility criteria and meets the requirements of 42 U.S.C. § 602(a) and its implementing regulations. Section 2640 of the Deficit Reduction Act of 1984 amends Section 602(a) by requiring that in determining the needs of an applicant child, the state responsible for administering the AFDC program include:

(A) any parent of such child, and

(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 604(a), if such parent, brother, or sister is living in the same home as the

dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 205(j), in the case of benefits provided under Title II).... 

Deficit Reduction Act of 1984, § 2640, Pub.L. No. 98–369, 98 Stat. 494, 1145 (to be codified as 42 U.S.C. 602(a)(38) ).

Prior to the Deficit Reduction Act of 1984, as illustrated by the case histories of the named plaintiffs in this action, family members living together were not required to file for AFDC benefits as a unit. A parent filing for a dependent child could choose to include or exclude himself or other potentially eligible children from the assistance unit. Under the provisions governing inclusion of income prior to the Deficit Reduction Act income of a family member was counted only if the family member was also a member of the AFDC assistance unit.

The Deficit Reduction Act was signed into law on July 18, 1984. Defendant HHS published in the Federal Register on September 10, 1984 regulations implementing its interpretation of the Deficit Reduction Act. Interim Final Rules, Aid to Families with Dependent Children, 49 Fed.Reg. 35, 586 (to be codified at 45 C.F.R. §§ 205–06, 232–34, 238–40). The regulations, which went into effect October 1, 1984, mandate the inclusion of all income and resources,[2] received by persons included in the assistance unit as income to the assistance unit, notwithstanding legal restrictions on the use of that income.

Consistent with the regulations promulgated by the HHS defendant South Dakota Department of Social Services amended its regulations with the following provision: *67:12:05:57. Benefits to children and adults derived from government sources.* All benefits derived from governmental sources, such as OASDI, unemployment compensation, worker's compensation, military allotments, and compensations which are actually received by applicants for or recipients of public assistance shall be considered available to and deductible from the requirements recognized on the assistance plan on the same basis as net income derived from real or personal property. If an individual within the household receives SSI, the department may not consider that individual's income or resources when determining ADC eligibility and the amount of assistance. If the recipient payee's only child is determined eligible for and becomes a recipient of SSI, the recipient payee continues to be eligible for ADC provided all other eligibility factors are met.

\*      \*      \*      \*      \*      \*

A.R.S.D. 67:12:05:57 (1984). While there is no child-support counterpart contained in the South Dakota Administrative Regulations, the testimony at trial of the Administrator of the South Dakota Office of Economic Assistance who manages the South Dakota AFDC program leaves no doubt that child support income would be deemed available to the entire assistance unit, notwithstanding court-imposed restrictions on its use. Transcript of Trial at 26–29, 43–48, 51, 54–55. This conclusion is further supported by the evidence of the Department of Social Service's treatment of plaintiff Chiu.

## A.   OASDI PLAINTIFFS

▮   Plaintiff class contends that the federal and state regulations requiring the deeming of OASDI income to a sibling or half-sibling as available to a dependent child not only violates the clear purpose of Title II of the Social Security Act, 42 U.S.C. §§ 401 *et. seq.*, but also conflicts with federal law pertaining to the fiduciary duties of representative payees. In response, defendants point to the specific reference to Section 205(j) of the Social Security Act

**2.** with the exception of Supplemental Security Income, 42 U.S.C. §§ 1381 *et seq.*, [not material here]

(codified at 42 U.S.C. § 405(j)) [3] found in Section 2640 of the Deficit Reduction Act. Section 205(j) of the Social Security Act permits representative payees to receive OASDI checks for the benefit of individuals entitled to the money, and by its reference in Section 2640, defendants maintain that Congress intended OASDI income to be counted as available to the AFDC assistance unit such as set forth in their regulations.

A dependent child of an individual entitled to Title II benefits who dies a "fully or currently insured individual" is entitled to a "child's insurance benefit" each month the child otherwise qualifies. 42 U.S.C. § 402(d). The language of Section 402(d) indicates that OASDI benefits are intended to replace the support lost by a child when his or her income-earning parent dies. This interpretation finds support in the legislative history, S.Rep. No. 404, 89th Cong., 1st Sess, 110 (1965), U.S.Code Cong. & Admin. News 1965, 1943, and is consistent with Supreme Court decisions on the subject. *See Mathews v. Lucas*, 427 U.S. 495, 507, 96 S.Ct. 2755, 2763, 49 L.Ed.2d 651, 662 (1976); *Jimenez v. Weinberger*, 417 U.S. 628, 634, 94 S.Ct. 2496, 2500, 41 L.Ed.2d 363, 369 (1974).

Defendants' regulations, however, run contrary to the intent of Section 402(a). The regulations deem as "available" to the entire AFDC assistance unit OASDI child benefits which are not available. These benefits are for the exclusive use of the deceased insured's children, not for half-siblings unrelated to decedent who happen to reside in the same household.

Another component of the statutory scheme of Title II consistent with the idea that OASDI are restricted to the use of the named beneficiary is 42 U.S.C. § 408(e) which provides that whoever

> having made application to receive payment under this title for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person
>
> \* \* \* \* \* \*
>
> shall be guilty of a felony....

One need only review the size of the decreases in the named plaintiffs' AFDC checks to realize the Hobson's Choice forced upon them by defendants' regulations.

The OASDI child benefit program is plainly for the exclusive purpose of compensating the children of an insured individual for lost parental support. Defendants' interpretation of Section 2640 of the Deficit Reduction Act of 1984 appears to conflict with the clear purpose of the OASDI program. In resolving this conflict, noteworthy is the language of Section 2640 itself. Contrary to defendants' contention, and notwithstanding Section 2640's rather ambiguous reference to Section 205(j) of Title II, this Court does not read Section 2640 as mandating that amounts received by one child as OASDI be subtracted dollar for dollar from AFDC grants received by other members of the child's household. This Court concludes that Congress did not intend such an unfair result as follows from defendants' regulations; to cut AFDC grants by amounts received from OASDI which cannot be properly used to compensate for the loss.

Instructive in resolving the conflict presently before the Court is the recent Eighth Circuit decision in *Owens v. Heckler*, 753 F.2d 675 (1985). In *Owens*, plaintiff, an eighteen-year-old secondary student, received OASDI extended student benefits under 42 U.S.C. § 402(d). Plaintiff also received AFDC benefits on behalf of her minor child. As a result of the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, 95 Stat. 357, and a concomitant

---

3. 42 U.S.C. § 405(j) provides:
   When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person.

change in HHS policy, plaintiff was notified that her AFDC grant would be reduced by the amount she received as extended student benefits. In affirming the district court decision for the plaintiff, the Eighth Circuit provided the following analysis:

> Recognizing the distinct purposes of the two programs (the OASDI program: to aid a recipient in obtaining an education; and the AFDC program: to assist in the care of dependent children in their own homes or the home of a relative), the court must attempt to enforce both applicable statutes without compromising the overriding purpose of either statute. A reconciliation of the two statutes is appropriate even if the wording in the laws and regulations allows a contrary interpretation. See *Markham v. Cabell,* 326 U.S. 404, 411, 66 S.Ct. 193, 196, 90 L.Ed. 165 (1945). Broadly interpreting the statutes at issue to achieve their intended purposes, *Elam v. Hanson,* 384 F.Supp. 549, 553 (N.D. Ohio 1974), the district court properly concluded that the amount of OASDI extended student benefits that are actually needed for educational expenses should be excluded from the income and resources of the family for the purposes of determining eligibility and level of support under AFDC provisions of 42 U.S.C. § 602(a) and regulations promulgated thereunder.

*Owens, supra,* 753 F.2d at 679.

While it is true that *Owens* was decided under pre-Deficit Reduction Act law, the analysis utilized by the court is still applicable to the circumstances of this case. This court must attempt to enforce the Deficit Reduction Act of 1984 amendments to the AFDC program so as not to eviscerate the purpose of OASDI. Broadly interpreting the statutes at issue to achieve their intended purposes, this Court concludes that defendants' regulations are contrary to the provisions of Title II and construe Section 2640 of the Deficit Reduction Act so as to bring about a result never intended by Congress.

## B. CHILD SUPPORT PLAINTIFFS

■ Before discussing the merits of the claims of plaintiff Chiu and all others similarly situated, it should be noted that Section 2640 contemplates a somewhat unique approach to the inclusion of child support payments as income available to the AFDC assistance unit. Section 2640 provides that the first $50 of child support income should be disregarded in calculating the eligibility and assistance level of an AFDC unit. Deficit Reduction Act of 1984 § 2640, Pub.L. No. 98–369, 98 Stat. 494, 1145 (to be codified at 42 U.S.C. § 657(b) ). Other than this "$50 disregard", however, as previously stated, defendants' regulations treat such income as available to the entire household by allowing a dollar for dollar reduction from AFDC grants for every dollar of child support over $50 paid for the benefit of a household member.

At trial, in open court, the administrator in charge of South Dakota's AFDC program testified that no inquiry was or is made regarding court-imposed restrictions on the use of the child-support money. He explained that the state policy is based on federal regulations which require, without exception, inclusion of every child support dollar over $50 as income available to the AFDC assistance unit. Transcript of Trial at 46.

The area of family law has historically been recognized as an area of exclusively state concern. Within this area of concern is the power of a state court to compel such child support as it deems just, and to modify such decrees as the circumstances dictate. *See, e.g.,* S.D.C.L. § 25–4–41 (1984). The Supreme Court has stated that "[s]tate family and family-property-law must do 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden." *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1, 11 (1979) (citing *United States v. Yazell,* 382 U.S. 341, 352, 86 S.Ct. 500, 506, 15 L.Ed.2d 404, 410 (1966) ).

In this respect, defendants' regulations seemingly override a state court's ability to

adjudicate the issue of whether a minor child of the marriage shall receive support from a parent to replace the support previously afforded during the marriage. Under the regulations, no inquiry is made as to whether the child support income is restricted to the use and benefit of the child or children of the parent making the payment. Rather, it is conclusively presumed available. Moreover, this Court does not believe that Congress could have intended the result which follows from application of defendants' regulations—that the child support-payment parent's payment would be spent on all household members. Therefore, this Court holds that where child support income is directed by a state court order to be used for the benefit of a specific child or specific children, defendants' regulations may not be utilized to reduce AFDC grants of other household members, calculated on the basis of the needs of such other household members. Such a conclusion will not, in the opinion of this Court, do the kind of major damage to clear and substantial federal interests contemplated by the Supreme Court in the above-cited decisions.

## CONCLUSION

Clear from a reading of Section 2640 of the Deficit Reduction Act is the requirement that all siblings, by the whole or by the half-blood, must be included in a dependent child's AFDC assistance unit. Equally clear, and consistent with the purpose of the Deficit Reduction Act—to reduce this Nation's deficit crisis—is that income received by such siblings which is not restricted for their exclusive use, such as OASDI and certain child support income, may be used in the AFDC eligiblity formula to ultimately reduce AFDC grant amounts.

This Court does not reach the constitutional issues presented, having decided the case on the basis of federal law. The sole

issue here is whether plaintiffs have adequately demonstrated the prerequisites for granting a preliminary injunction. *See, e.g., Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir.1981).

This Court holds that plaintiffs have so demonstrated. The foregoing represents the findings and conclusions of the Court.

## SUPPLEMENTAL MEMORANDUM OPINION

■ This is a class action filed by plaintiff families seeking preliminary and permanent injunctive relief barring the enforcement of certain regulations promulgated by the defendants pursuant to § 2640 of the Deficit Reduction Act of 1984 (D.R.A.), Pub.L. No. 98–369, 98 Stat. 494, 1145 (to be codified as amendments to 42 U.S.C. §§ 602(a) and 657(b) ). The regulations in question provide that income payable to only some members of an Aid to Families with Dependent Children (AFDC) assistance unit can be "deemed" available for use by the entire assistance unit. 49 Fed.Reg. 35, 586 (to be codified at 45 C.F.R. §§ 205–06, 232–34, 238–40); A.R. S.D. 67:12:05:57(1984). In particular, the regulations and practices[1] of the defendants "deem" Old Age, Survivors and Disability Insurance (OASDI), 42 U.S.C. § 401 *et seq.* (1982), and child-support payments previously payable to only certain family members available to the entire family for purposes of determining A.F.D.C. grants. The plaintiff class consists of families whose A.F.D.C. benefits have been terminated or reduced as a result of enforcement of the challenged regulations.

On April 1, 1985, this court granted a preliminary injunction enjoining enforcement of the regulations. For the reasons stated below and in the court's previous memorandum opinion, *White Horse v. Heckler*, 627 F.Supp. 848 (D.S.D.1985), the temporary injunction is dissolved and a per-

---

**1.** South Dakota's regulations deal only with O.A. S.D.I. payments. A.R.S.D. 67:12:05:57(1984). The state Department of Social Services, however, does consider child support payments as

resources available to the entire A.F.D.C. assistance unit. *See* Transcript of Trial at 26–29, 43–48, 51, 54–55.

manent injunction is granted.[2] Fed.R. Civ.P. 65.

## DISCUSSION

The factual basis of this case was fully developed in the court's prior opinion and will not be restated here. In that opinion, the court held that the ambiguous reference in § 2640(a) of the D.R.A. to § 205(j) of the Social Security Act, 42 U.S.C. § 405(j)(1982), was insufficient to repeal prior limitations on the use of O.A.S.D.I. payments by other than the named beneficiary. *White Horse,* maj. op. at 852; 42 U.S.C. §§ 405(j), 408(e) (1982). As to court-ordered child-support payments, this court concluded that "Congress could [not] have intended the result which follows from application of defendants' regulations...." *Id.* at 854. The court, therefore, enjoined enforcement of defendants' regulations and practices as contrary to Congressional intent. *Id.* at 854.

Defendants now contend that the recent decision by the United States Court of Appeals for the Eighth Circuit in *Cunningham v. Toan,* 762 F.2d 63 (1985), requires dissolution of the temporary injunction and judgment in their favor. The defendants' reliance on *Cunningham* is misplaced, however, because that case is clearly distinguishable as to both the facts and the applicable law.

Plaintiffs in *Cunningham* were minors who received O.A.S.D.I. benefits and also had children of their own. Plaintiffs' benefits were sent to a representative payee to be used for the minor parents. 728 F.2d at 1103. The State of Missouri automatically deemed the O.A.S.D.I. benefits of the minor parents available to the minor parents' children for A.F.D.C. grant eligibility purposes. *Id.*

The court of appeals initially affirmed the district court's permanent injunction outlawing the challenged practice. The court found that even though federal regulations allowed O.A.S.D.I. recipients to use their benefits to support their dependent children, 20 C.F.R. § 404.2040(c)(1985), Missouri's policy impermissibly limited the parents' discretion, as authorized by the regulation to use or not to use the parents' benefits for their children. 728 F.2d at 1104.

The United States Supreme Court summarily remanded *Cunningham* for reconsideration in light of the intervening passage of the Deficit Reduction Act. *Toan v. Cunningham,* —— U.S. ——, 105 S.Ct. 896, 83 L.Ed.2d 912 (1985). On remand, the court of appeals reversed its prior ruling and held that

in making the A.F.D.C. eligibility and grant determination for the dependent child, the state must include the dependent child's parent in the assistance unit if the parent lives in the same household as the dependent child. In addition, the state must include "any income of or available for" the parent if the parent lives in the same household as the dependent child, "notwithstanding section 205(j), in the case of benefits provided under Title II."

*Cunningham,* 762 F.2d at 65 (1985). The case was remanded to the district court for consideration of the previously-undecided constitutional issues.

The problem faced by the court of appeals in *Cunningham* is different than that presently before this court. At the time of passage of the D.R.A., it was not unlawful for a person who received O.A.S. D.I. payments to share those benefits with their dependent children. 20 C.F.R. § 404.-2040(c); *Cunningham,* 728 F.2d at 1104. The court of appeals' interpretation of § 2640(a), therefore, did not act to repeal prior prohibitions against sharing O.A.S. D.I. benefits. While the ambiguous reference in § 2640(a) to § 205(j) may be sufficient to allow a state to limit a parent's discretion concerning whether or not to use those payments for their childrens' benefit, *see Cunningham,* 762 F.2d at 66, it is not sufficient to repeal the prohibitions which

---

2. The parties have agreed that the question of the appropriateness of a permanent injunction may be decided on the record developed for the preliminary injunction. Fed.R.Civ.P. 65(a)(2).

clearly outlaw the use of O.A.S.D.I. benefits by anyone other than the named beneficiaries and their dependent children. *Gorrie v. Heckler,* Civ. 4–84–1203 (D.Minn. Sept. 10, 1985); *see* 42 U.S.C. § 408(e) (1982).

Defendants have cited several district court cases dealing with the issue now before the court, but they add nothing new and the court does not find them persuasive. *Cunningham* did not involve child support payments.[3]

## CONCLUSION

Defendants' reliance on *Cunningham* is misplaced. In that case, the court of appeals was faced with minor parents sharing their O.A.S.D.I. benefits with their dependent children—an act not previously unlawful. Here, however, the court is confronted with a conclusive presumption that child support and O.A.S.D.I. benefits may be shared with others—an act clearly in violation of state and federal law. *Cunningham,* therefore, is fundamentally different and inapplicable here.

For the reasons stated above and in this court's prior opinion in this case, the temporary injunction is dissolved and a permanent injunction is granted. The federal defendant's uncontested motion to redefine the class is also granted. This memorandum constitutes the court's findings of fact and conclusions of law.

---

**3.** The issue of what application, if any, *Cunningham* has to child-support payments to minor parents was not raised by the defendants and therefore is not before the court for consideration.