**Linda ELAM, et al., Plaintiffs,**

v.

**Patricia BARRY, et al., Defendants.**

**Civ. No. C-1-86-142.**

United States District Court,
S.D. Ohio.

Dec. 18, 1986.

James O'Connor, Cincinnati, Ohio, for plaintiffs.

Lawrence Fisse, Batavia, Ohio, Corey Crognale, Columbus, Ohio, Donetta Wiethe, Cincinnati, Ohio, for defendants.

## FINDINGS OF FACT, OPINION AND CONCLUSION OF LAW

CARL B. RUBIN, Chief Judge.

This matter is before the Court in connection with plaintiffs' class action complaint requesting declaratory and injunctive relief against the Director of the Ohio Department of Human Services (ODHS) and the Secretary of the United States Department of Health and Human Services (HHS). The parties have agreed to submit this matter to the Court without oral hear-ing. The Court has carefully examined the exhaustive memoranda and documents which the parties have filed both on the question of class certification and on the merits of the claims.

Therefore, in accordance with Rule 52, Fed.R.Civ.P., the Court does set forth its Findings of Fact, Opinion and Conclusions of Law.

### Findings of Fact

1. Plaintiff Linda Elam is an adult resident of Clermont County, Ohio. She is the representative payee for her daughter Tina Brayton, a minor, who receives Social Security Old-age, Survivors, and Disability Insurance (OASDI) benefits. Plaintiff Elam also receives Aid to Families with Dependent Children (AFDC) benefits for herself and her two minor daughters, Tina Brayton and Stephanie Abbot.

2. Plaintiff Tina Brayton is a minor residing in Clermont County, Ohio, who receives OASDI benefits. She resides with her mother Linda Elam and half-sister, Stephanie Abbot, all of whom receive AFDC assistance.

3. That part of the Deficit Reduction Act of 1984, 42 U.S.C. § 602(a)(38) which applies to the AFDC program provides:

(a) A state plan for aid and services to needy families with children must

.        .        .        .        .

(38) provide that in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the state agency shall (except as otherwise provided in this part) include—

(A) any parent of such child, and

(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 406(a) [42 U.S.C. § 606(a)], if such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 205(j) [42 U.S.C. § 405(J)] in the case of benefits provided under title II).

4. United States Department of Health and Human Services regulation at 45 C.F.R. § 206.10(a)(1)(vii), interpreting 42 U.S.C. § 602(a)(38) provides:

For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance:

(A) Any natural or adoptive parent, or stepparent (in the case of states with laws of general applicability); and

(B) Any blood-related or adoptive brother or sister.

5. Defendant Patricia K. Barry, currently Director of the Ohio Department of Human Services, is responsible for the administration of the ADC program in Ohio and promulgated Ohio Public Assistance Manual (OPAM) § 4501 and Ohio Administrative Code (OAC) § 5101:1–21–011, known as "the standard filing unit rule", which interprets federal regulation 45 C.F.R. § 206.10(a)(1)(vii). A consequence of the enforcement of the standard filing unit rule is defendants' adoption of a policy whereby ·OASDI benefits of a child paid through a representative payee are treated as income available to the family generally when determining AFDC eligibility and payment level for the entire family.

6. The State of Ohio is required to comply with the federal regulations promulgated under the ADFC statute.

7. Defendant Otis Bowen is the Secretary of the United States Department of Health and Human Services; he is responsible for adopting regulations implementing the Social Security Act and for ensuring that states which participate in the AFDC program comply with the Social Security Act.

8. In July 1985, Tina Brayton's father died. As her father had been a wage earner, Tina at that time became eligible for OASDI benefits.

9. On or before November 6, 1985, plaintiff Elam reported to her AFDC caseworker that her daughter Tina had received OASDI benefits. Subsequently, Clermont County Department of Human Services (CCDHS) sent plaintiff Elam a notice indicating that her family's (AFDC) payment would be terminated effective November 30, 1985 because Tina's OASDI benefits exceeded the amount of AFDC assistance allowed for a family of three according to OPAM. Plaintiff Elam requested an administrative hearing to challenge the termination order. ODHS overruled plaintiff's appeal by a decision issued January 6, 1985 and ordered CCDHS to terminate the AFDC benefits of plaintiff Elam's family immediately. By the stipulation of ODHS and plaintiff Elam, her family has continued to receive AFDC and Medicaid assistance pending the Court's ruling in this matter.

10. Application by ODHS of OPAM § 4150 to plaintiff Elam's family resulted in the termination of her household's ADC eligibility effective November 30, 1985.

11. Defendants represent that ODHS has applied or will apply OPAM § 4150 to all Ohio residents who receive or apply for AFDC.

### Opinion

Aid to Families with Dependent Children (AFDC) is ·a joint federal and state benefit program that provides financial assistance to needy children and their caretaker relatives.

Plaintiffs challenge state regulations promulgated by the Director of the Ohio Department of Human Services and corresponding federal statutes and regulations which govern the joint AFDC program and the federal OASDI program. These statutes and regulations taken together implement changes in the Aid to Families with Dependent Children (AFDC) program which affect the amount of assistance plaintiffs are entitled to receive.

### Class Certification

■ Plaintiff has moved that this matter be certified as a class action pursuant to Rule 23(a) and (b)(2), Federal Rules of Civil Procedure. Two classes are proposed, represented by plaintiff Linda Elam and plaintiff Tina Brayton respectively. The first proposed class consists of all Ohio resi-

dents who: (1) are representative payees of OASDI benefits; (2) are caretaker relatives or siblings or half-siblings of the OASDI beneficiaries; and (3) have had or may have their families' AFDC benefits reduced or terminated as a result of defendants' "standard filing unit" rule.[1] The second proposed class consists of all children in the state of Ohio who receive OASDI benefits and reside in families in which one or more other members, who without regard to those OASDI benefits, are eligible to receive AFDC benefits.

Without expressing an opinion on whether the requirements of Rule 23 have been met, the Court holds that class certification is inappropriate in this case. To the extent granted, the declaratory and injunctive relief requested by plaintiffs would automatically accrue to the benefit of others similarly situated, and, therefore, "no useful purpose would be served by permitting this case to proceed as a class action." *Craft v. Memphis Light, Gas and Water Division*, 534 F.2d 684, 686 (6th Cir.1976) *aff'd* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Snider v. Creasy*, 548 F.Supp. 601 (S.D. Ohio 1982), *aff'd* 728 F.2d 369 (6th Cir. 1984). Plaintiff's Motion for Class Certification is therefore DENIED.

### Standard Filing Unit Rule

The Court is persuaded by the decision of the Northern District of Ohio in *Collins v. Barry*, 644 F.Supp. 249 (N.D.O.1986). In the context of reviewing a motion for issuance of a contempt order for violation of a 1971 injunction, Chief Judge Battisti examined the provisions of the Deficit Reduction Act of 1984, (DEFRA) affecting the determination of AFDC assistance for families in which an OASDI recipient resides. (*See* 42 U.S.C. § 602(a)(38)) The court found that under the provisions of Title II of the Social Security Act, 42 U.S.C. § 402 *et seq.*, "OASDI benefits paid to a repre-

sentative payee in trust for a minor beneficiary cannot be deemed as income available to the family generally but are restricted to use for the sole benefit of the minor beneficiary." *Collins v. Barry* at 253; *see also White Horse v. Heckler*, 627 F.Supp. 848, 852 (D.S.D.1985); *Gibson v. Sallee*, 648 F.Supp. 54 (M.D.Tenn.1986). Moreover, the Court ruled that the provision of DEFRA which effected the addition of 42 U.S.C. § 602(a)(38) to the Social Security Act did not expressly or impliedly repeal those sections of Title II of the Social Security Act which required a representative payee to apply payments solely for the benefit of the OASDI recipient.[2]

■ Income attributable to the family unit must include only such income as is actually and/or legally available to the family generally. *Heckler v. Turner*, 470 U.S. 1138, 105 S.Ct. 1138, 1147–48, 84 L.Ed.2d 138 (1985); *Snider v. Creasy*, 728 F.2d 369 (6th Cir.1984). Clearly, by virtue of the statutory restrictions of 42 U.S.C. §§ 402(d), 408(e) and 407, a child's OASDI benefits are not legally available to the entire family. However, while 42 U.S.C. § 602(a)(38) may not be construed to require generally that a child's OASDI payments through a representative payee be considered "income" to the family unit as a whole,[3] the statute may be construed to mean that where a representative payee actually makes a portion of a child's OASDI benefits available to the family unit, that portion is to be treated as income available to the family generally. *Collins v. Barry* at 253; *Gorrie v. Heckler*, 624 F.Supp. 85 (D.Minn.1985). Moreover, where a parent OASDI beneficiary receives benefits through a representative payee, those benefits are to be treated as legally available to the beneficiary's children. *Cunningham v. Toan*, 728 F.2d 1101 (8th Cir.1984), *vacated*, 469 U.S. 1154, 105 S.Ct. 896, 83 L.Ed.2d 912 (1985), *modified on*

---

**1.** Referred to by plaintiff as "sibling deeming" rule.

**2.** Representative payees are subject to civil and criminal penalties for misuse of the child's benefits. 20 C.F.R. § 404.2041; 42 U.S.C. § 408(e).

**3.** 42 U.S.C. 407(b) provides in part: [n]o other provision of law, enacted before, on, or after the date of enactment of this section, may be construed to limit, supercede, or otherwise modify the provisions of this section except to the extent that it does so by express reference or change.

*remand,* 762 F.2d 63 (8th Cir.1985). Such a construction does not violate Title II of the Social Security Act. Therefore, because the ODHS's standard filing unit rule, as applied to require a child's OASDI payments made through a representative payee to be deemed income to the family generally for purposes of calculating AFDC benefits, conflicts with Title II of the Social Security Act, the state policy must give way. *White Horse v. Heckler,* 627 F.Supp. 848 (D.S.D.1985); *Frazier v. Pingree,* 612 F.Supp. 345 (M.D.Fla.1985). Accordingly, the Court declares OPAM § 4501 and O.A.C. § 5101: 1–21–011 as presently applied to be in violation of federal law and therefore invalid. Moreover, the policy of HHS which interprets 42 U.S.C. § 602(a)(38) to require states to implement rules such as the standard filing unit rule as applied by ODHS is likewise violative of Title II of the Social Security, 42 U.S.C. 402 *et seq.*

### Conclusions of Law

1. Class certification is inappropriate in this case since, to the extent granted, the declaratory and injunctive relief requested by plaintiffs will automatically accrue to the benefit of others similarly situated. *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684 (6th Cir.1976) *aff'd* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Snider v. Creasy,* 548 F.Supp. 601 (S.D.O.1982), *aff'd* 728 F.2d 369 (6th Cir. 1984).

2. OASDI benefits paid to a representative payee in trust for a minor beneficiary are restricted to use for the sole benefit of the minor beneficiary. Representative payees are subject to civil and criminal penalties for misuse of the child's benefits. 20 C.F.R. § 404.2041; 42 U.S.C. §§ 402(d), 407 and 408(e).

3. OASDI benefits paid to a representative payee in trust for a minor beneficiary may not be deemed as income available to the family generally except that the child's OASDI benefits that are either legally available or actually made available by the representative payee may be attributed as income to the family generally. 42 U.S.C. §§ 402(d), 408(e) and 602(a)(38); *Collins v. Barry,* 644 F.Supp. 249 (N.D.O.1986); *Gorrie v. Heckler,* 624 F.Supp. 85 (D.Minn. 1985).

### ORDER

1. Plaintiffs' Motion for Class Certification is hereby DENIED.

2. Plaintiffs' Motion for Preliminary and Permanent Injunction is hereby GRANTED to the extent outlined in this Order.

3. The Court declares OPAM § 4501 and O.A.C. § 5101: 1–21–011 as presently applied by ODHS to be in violation of federal law and therefore invalid.

4. The Court declares the policy of HHS which interprets 42 U.S.C. § 601(a)(38) to require states to deem OASDI benefits paid to a representative payee in trust for the family generally regardless of whether it is actually or legally available is likewise invalid as violative of Title II of the Social Security Act, 42 U.S.C. § 402 *et seq.*

5. Defendants are hereby enjoined from implementing a policy requiring that the OASDI income of a minor beneficiary paid through a representative payee be considered as income to the family generally for purposes of AFDC eligibility calculations unless such OASDI benefits are legally or actually made available to the family generally.

IT IS SO ORDERED.