Donna **BRADSTREET**,

v.

**COMMISSIONER OF DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1986.

Decided March 26, 1987.

---

**1314**

James R. Crotteau (orally), Pine Tree Legal Assistance, Inc., Bangor, for plaintiff.

James E. Tierney, Atty. Gen., T. Christopher Beach (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

The Commissioner of the Department of Human Services, appeals from a judgment of the Superior Court (Kennebec County) reversing his withdrawal of plaintiff's grant under the Aid to Families with Dependent Children program. On this appeal the defendant argues that the Superior

Court misinterpreted 42 U.S.C. § 602(a)(8)(A)(iv) in rendering its opinion. We find no error and we affirm the judgment of the Superior Court.

For some months prior to July, 1985, the plaintiff and her two children were eligible for, and received the full AFDC benefit of $370.00 a month because they had no independent, countable income.[1] On June 29, 1985, the plaintiff married Calvin Bradstreet whereupon his monthly income had to be considered in determining the family's need. 42 U.S.C. § 602(a)(31). On August 7, 1985, the Commissioner refused to apply the income disregard that is the subject of this appeal and decided that the family was no longer entitled to receive any AFDC benefits. The Department determined that Bradstreet's wages, minus a $75.00 deduction for work related expenses (*see* 42 U.S.C. § 602(a)(31)), exceeded the full need established by statute of $641.00 for a household of four.

The plaintiff sought review of the Department's determination administratively and a "fair hearing" was conducted, whereupon the hearings officer upheld the decision of the Department. The plaintiff appealed, and the Superior Court reversed and remanded to the Commissioner for a redetermination of the plaintiff's eligibility.[2]

The issue on appeal is whether the income disregard, normally referred to as the "$30 and ⅓ disregard", provided under 42 U.S.C. § 602(a)(8)(A)(iv) should be applied to Bradstreet's income before determining the eligibility of the assistance unit. If the income disregard is applied, the family's income will be less than the maximum allowable monthly income, and they will

---

1. The AFDC program was established by the federal government in 42 U.S.C. § 601 *et seq.* (1983 & Supp.1986), and is administered by the states through a scheme of cooperative federalism. *Levesque v. Commissioner, Department of Human Services,* 508 A.2d 943 (Me.1986). Maine participates in the program by virtue of 22 M.R.S.A. § 3471 *et seq.* (1980 & Supp.1986); *Littlefield v. State of Maine, Department of Human Services,* 480 A.2d 731 (Me.1984).

2. By order of the court the parties filed supplemental briefs on the issue whether the decision

of the Superior Court reversing the Department and remanding the case for further proceedings constituted a final judgment for purposes of appeal. Because we determine that the sole purpose of the remand was to allow the Commissioner to determine the amount of benefits to be paid the plaintiff, and did not authorize the Department to consider a different substantive ground for its determination, we find that there was a final judgment. *Brousseau v. Maine Employment Security Commission,* 470 A.2d 327, 329 (Me.1984).

qualify for some AFDC benefits; if it is not applied their income will exceed the allowable amount. Section 602(a)(8)(A)(iv) reads, in pertinent part as follows:

(iv) *shall disregard* from the earned income of any child or relative receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, an amount equal to (I) *the first $30 of the total of such earned income not disregarded under any other clause of this paragraph, plus (II) one third of the remainder thereof* ....

(emphasis added).

Elsewhere the statute provides that the "$30 and ⅓ disregard" shall *not* apply to:

any earned income of any of the persons specified in subparagraph (A)(ii), if, with respect to such month, the income of the persons so specified was in excess of their need, as determined by the State agency pursuant to paragraph (7) (without regard to subparagraph (A)(iv) of this paragraph), *unless* the persons received aid under the plan in one or more of the four months preceding such month; ....

42 U.S.C. § 602(a)(8)(B)(ii)(I). (emphasis added).

When the "$30 and ⅓" disregard was enacted in 1968, income earned by a step-parent was not counted in determining AFDC eligibility. Because the current controversy could not have arisen under the original enactment, it is not surprising that the legislative history sheds no light on the problem. Congress intended to provide an incentive for AFDC recipients to gain employment. In the absence of the disregard, money earned would be offset, dollar for dollar, by money lost from an AFDC grant. In providing such an incentive, Congress limited its application to two classes of recipients: those who would otherwise be eligible for AFDC in the absence of the disregard; and, those who received AFDC in at least one of the four months prior to the first use of the disregard. 42 U.S.C. § 602(a)(8)(B)(ii)(I). In short, Congress

sought to avoid the use of the disregard for purposes of establishing eligibility by confining the operation of the incentive to those who were already receiving AFDC or who were otherwise eligible.

■■■■ The present case arises as a result of the enactment of the Omnibus Budget Reconciliation Act of 1981 (OBRA), Pub.L. 97–35, 95 Stat. 357. Under OBRA, states were required for the first time to include the income of step-parents in calculating eligibility. Accordingly, Calvin Bradstreet was added to the assistance unit in question as a result of marriage. In order to determine whether the disregard remains available, it is necessary to construe the following provision in § 602(a)(8)(B)(ii)(I): "unless the *persons* received aid under the plan in one or more of the four months preceding such month." (emphasis added). If the proviso refers to the assistance unit, the disregard remains available. If it refers to Calvin Bradstreet individually, the disregard does not remain available. We agree with the Superior Court that the term "persons" as used in the proviso must be construed as referring to the assistance unit. AFDC grants are determined for an assistance unit as a whole and the entire focus of the legislation is on the assistance unit. Moreover, the preamble to the 1982 regulations describes the relationship between OBRA and the "$30 and ⅓" disregard in the following terms:

The $30 and one-third can not be used in establishing initial eligibility *of an assistance unit (unless the unit received AFDC in one of the prior 4 months)*, but after it has been applied to an individual for 4 consecutive months, is unavailable to that individual until the expiration of a 12–month period during which the individual has not been an AFDC recipient.

47 Fed.Reg. (February 5, 1982) (emphasis added).

By interpreting "persons" as referring to the assistance unit, the disregard operates as a buffer during a period of financial adjustment in accordance with the intent of Congress. Such a result is accomplished without violating the avowed purpose of

preventing families from becoming eligible for AFDC solely by operation of the disregard.

The entry is:

Judgment of the Superior Court affirmed.

All concurring.